**FILED**

**JUN 18 2008**

Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| TAPRINA JACKSON, | : | |
| 6103 Belwood Street | | |
| District Heights, Maryland 20747 | | |
| Plaintiff, | | |
| | | |
| v. | : | Case No: _____ |
| | | |
| CARLOS M. GUTIERREZ, | : | |
| SECRETARY OF COMMERCE | | |
| U.S. DEPARTMENT OF COMMERCE | : | |
| 1401 Constitution Avenue N.W. | | Case: 1:08-cv-01048 |
| Washington, D.C. 20230 | : | Assigned To : Walton, Reggie B. |
| | | Assign. Date : 6/18/2008 |
| Mr. Fanning, | : | Description: Employ. Discrim. |
| Director Office Administrative Services, | | |
| U.S. Department of Commerce | : | |
| 1401 Constitution Avenue N.W. | | |
| Washington, D.C. 20230 | : | |
| Defendants | | |

**COMPLAINT**

**JURISDICTION:**

1. This Honorable Court has jurisdiction pursuant to U.S.C. Title 28-1331; Title 42 U.S.C. 20000e-16c; U.S.C. Title 42-2000e-5; U.S.C. Title 42-1981a(a)(1) and U.S.C. Title 42-1981a(c ).

**PARTIES:**

2. Plaintiff, Taprina Jackson, is a female Afro American resident of the State of Maryland who at all times in question was employed in the District of Columbia at the U.S. Department of Commerce.

3. Defendant, Carlos Gutierrez, is the Secretary of the U.S. Department of Commerce and a resident of the District of Columbia.

1

4. Defendant, Mr. Fanning, is the Director of the Office of Administrative Services at the U.S. Department of Commerce, and a resident of the District of Columbia.

**FACTS:**

5. During the course of Taprina Jackson's employment at the U.S. Department of Commerce in the District of Columbia as a Management Program Specialist, ZA-301-III, at the Office of the Secretary, Office of Administrative Services at the U.S. Department of Commerce she was subjected to the following discriminatory actions by Defendants. Plaintiff, Taprina Jackson filed a complaint with EEOC, Case No: 570-2007-00663X. On March 3, 2008 her complaint was denied, and Notice of the denial was mailed to her on March 14, 2008.

6. Prior to the entrance of Defendant, Mr. Fanning, a Caucasian, at the place of Plaintiff's employment her job performance rating was 81, a score that entitled her to compensation increases.

7. After Defendant, Mr. Fanning, became the Director of Office Administrative Services at the place of Plaintiff's employment, he singled Plaintiff out for disparate treatment in that he audited her time at work. His audit proved there was nothing remiss about her time records.

8. Although at the time Defendant, Mr. Fanning was not Plaintiff's supervisor, he created a hostile work environment for Plaintiff when he gave her deadlines and tasks it was impossible for her to meet as she was doing her own job tasks and that of an employee who had recently retired.

2

By doing so said defendant set Plaintiff up to fail so he could give her an inferior job rating.

9. Defendant, Mr. Fanning, harassed Plaintiff because she took sick leave and instructed her she needed prior approval to take sick leave when that information was false. Additionally management insisted that she work "call back overtime" which management knew she could not do. Plaintiff was threatened with reduction in force action if she did not do so. Said actions of Defendant, Mr. Fanning subjected Plaintiff to discrimination related to the terms and conditions of her employment because of her gender and race, including Defendant's practices and procedures governing job assignments, evaluation of job performance, training, and discipline. When Plaintiff reported said Defendant's actions to the chain of command including the Secretary of the Department of Commerce, the Department of Human Resources stepped in but took no remedial action.

10. Defendant, Mr. Fanning, threatened to subject Plaintiff and her co-workers to a reduction in force. When he was instructed by his superiors he could not conduct a RIFF on the office where Plaintiff worked, he reassigned all the workers in Plaintiff's office and renamed the newly created office as a PPMD. The office had previously been named an IMD.

11. All of the original five minority employees were reassigned. When the new office was opened by Defendant, Mr. Fanning, none of the five original employees were part of the newly created office.

12. Defendant, Mr. Fanning, reassigned Plaintiff to a position that he created.

That position had no job description, no performance plan, no job duties, or tasks. That reassignment made Defendant, Mr. Fanning, Plaintiff's immediate supervisor. Since there were no job duties to perform, Plaintiff was made to sit at a desk all day with no productive tasks to perform. Defendant, Mr. Fanning, promised to provide training for Plaintiff so she could perform the tasks of the new job. However the scant training provided was not sufficient to enable Plaintiff to perform the job properly. Consequently Defendant, Mr. Fanning, gave Plaintiff a poor job performance rating on the basis her work was non-productive. In FY 2006 Defendant, Mr. Fanning, gave Plaintiff a performance score of 61 which score did not entitle her to a compensation increase.

13. Defendant, Mr. Fanning, hired a female Caucasian, and detailed Plaintiff to a four month position. The female Caucasian was given Plaintiff's job.

14. When Plaintiff provided recommendations to Defendant, Mr. Fanning, as methods to improve the work product, he refused to permit her to implement the improvements she suggested. When the female Caucasian was given Plaintiff's job she was permitted to implement Plaintiff's recommendations for improving the work product of the office. The female Caucasian who was given Plaintiff's position was less qualified for the Position than Plaintiff was.

15. Defendant, Mr. Fanning, promoted the female Caucasian employee to Mr. William's position after he reassigned Mr. Williams, an Afro American, to

another position. He then provided the newly hired female Caucasian with six (6) staff members to assist her in performing the job Plaintiff was being required to do by Defendant, Mr. Fanning.

16. In the years 2006 to 2007, 12 employees filed EEOC complaints against Defendant, Mr. Fanning.

## COUNT ONE
## EMPLOYMENT DISCRIMINATION

17. Plaintiff, Taprina Jackson, incorporates herein and makes a part hereof Paragraphs 1-16 supra.

18. Title V11 of the Civil Rights Act forbids employment discrimination, U.S.C. Title 42-2000e-16.

19. Title 42-2000e-16(a) prohibits employment discrimination based upon race, color, religion, sex, or national origin.

20. Defendants have intentionally discriminated against Plaintiff, Taprina Jackson, in the work place as set forth, supra, based upon her race, Afro American and her sex, female.

21. As a direct and proximate result of the discriminatory practices directed against Plaintiff she has sustained loss of pay increases, loss of a position she was well qualified to perform and performed within the job requirements obtaining a job performance level of 81 prior to the machinations directed at her by the Defendant, Mr. Fanning. Plaintiff has been subjected to mental and emotional distress, anxiety, humiliation as a result of the hostile work environment created by the actions and failure to act of Defendants.

WHEREFORE, Plaintiff demands Judgment in her favor, back pay for those monies lost due to the poor job performance rating of 61, restitution for benefits lost, seeks to restrain and enjoin the Department from engaging in the aforesaid discriminatory conduct, seeks to have her performance rating score raised to 80 for FY 06, promotion to ZA-4 level, and compensatory damages in the sum of $300,000.00.

PLAINTIFF DEMANDS TRIAL BY JURY

                                Respectfully submitted,

                                Joan A. Harvill D.C. Bar # 309112
                                Attorney for Plaintiff
                                1629 K. Street N.W.
                                Suite 300
                                Washington, D.C. 20006
                                Tele: (202) 466-6346
                                Fax: (202) 331-3759
                                E-mail: Abogadaxyz@aol.com

FILED
JUN 18 2008
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

TAPRINA JACKSON,  :
6103 Belwood Street
District Heights, Maryland 20747
    Plaintiff,

v.  :  Case No: _____

CARLOS M. GUTIERREZ,  :
SECRETARY OF COMMERCE
U.S. DEPARTMENT OF COMMERCE  :
1401 Constitution Avenue N.W.
Washington, D.C. 20230  :  Case: 1:08-cv-01048
    Assigned To : Walton, Reggie B.
    Assign. Date : 6/18/2008
Mr. Fanning,  :  Description: Employ. Discrim.
Director Office Administrative Services,
U.S. Department of Commerce  :
1401 Constitution Avenue N.W.
Washington, D.C. 20230  :
    Defendants

## COMPLAINT

**JURISDICTION:**

1. This Honorable Court has jurisdiction pursuant to U.S.C. Title 28-1331; Title 42 U.S.C. 20000e-16c; U.S.C. Title 42-2000e-5; U.S.C. Title 42-1981a(a)(1) and U.S.C. Title 42-1981a(c ).

**PARTIES:**

2. Plaintiff, Taprina Jackson, is a female Afro American resident of the State of Maryland who at all times in question was employed in the District of Columbia at the U.S. Department of Commerce.

3. Defendant, Carlos Gutierrez, is the Secretary of the U.S. Department of Commerce and a resident of the District of Columbia.

1

4. Defendant, Mr. Fanning, is the Director of the Office of Administrative Services at the U.S. Department of Commerce, and a resident of the District of Columbia.

**FACTS:**

5. During the course of Taprina Jackson's employment at the U.S. Department of Commerce in the District of Columbia as a Management Program Specialist, ZA-301-III, at the Office of the Secretary, Office of Administrative Services at the U.S. Department of Commerce she was subjected to the following discriminatory actions by Defendants. Plaintiff, Taprina Jackson filed a complaint with EEOC, Case No: 570-2007-00663X. On March 3, 2008 her complaint was denied, and Notice of the denial was mailed to her on March 14, 2008.

6. Prior to the entrance of Defendant, Mr. Fanning, a Caucasian, at the place of Plaintiff's employment her job performance rating was 81, a score that entitled her to compensation increases.

7. After Defendant, Mr. Fanning, became the Director of Office Administrative Services at the place of Plaintiff's employment, he singled Plaintiff out for disparate treatment in that he audited her time at work. His audit proved there was nothing remiss about her time records.

8. Although at the time Defendant, Mr. Fanning was not Plaintiff's supervisor, he created a hostile work environment for Plaintiff when he gave her deadlines and tasks it was impossible for her to meet as she was doing her own job tasks and that of an employee who had recently retired.

2

        By doing so said defendant set Plaintiff up to fail so he could give her an inferior job rating.

9. Defendant, Mr. Fanning, harassed Plaintiff because she took sick leave and instructed her she needed prior approval to take sick leave when that information was false. Additionally management insisted that she work "call back overtime" which management knew she could not do. Plaintiff was threatened with reduction in force action if she did not do so. Said actions of Defendant, Mr. Fanning subjected Plaintiff to discrimination related to the terms and conditions of her employment because of her gender and race, including Defendant's practices and procedures governing job assignments, evaluation of job performance, training, and discipline. When Plaintiff reported said Defendant's actions to the chain of command including the Secretary of the Department of Commerce, the Department of Human Resources stepped in but took no remedial action.

10. Defendant, Mr. Fanning, threatened to subject Plaintiff and her co-workers to a reduction in force. When he was instructed by his superiors he could not conduct a RIFF on the office where Plaintiff worked, he reassigned all the workers in Plaintiff's office and renamed the newly created office as a PPMD. The office had previously been named an IMD.

11. All of the original five minority employees were reassigned. When the new office was opened by Defendant, Mr. Fanning, none of the five original employees were part of the newly created office.

12. Defendant, Mr. Fanning, reassigned Plaintiff to a position that he created.

3

That position had no job description, no performance plan, no job duties, or tasks. That reassignment made Defendant, Mr. Fanning, Plaintiff's immediate supervisor. Since there were no job duties to perform, Plaintiff was made to sit at a desk all day with no productive tasks to perform. Defendant, Mr. Fanning, promised to provide training for Plaintiff so she could perform the tasks of the new job. However the scant training provided was not sufficient to enable Plaintiff to perform the job properly. Consequently Defendant, Mr. Fanning, gave Plaintiff a poor job performance rating on the basis her work was non-productive. In FY 2006 Defendant, Mr. Fanning, gave Plaintiff a performance score of 61 which score did not entitle her to a compensation increase.

13. Defendant, Mr. Fanning, hired a female Caucasian, and detailed Plaintiff to a four month position. The female Caucasian was given Plaintiff's job.

14. When Plaintiff provided recommendations to Defendant, Mr. Fanning, as methods to improve the work product, he refused to permit her to implement the improvements she suggested. When the female Caucasian was given Plaintiff's job she was permitted to implement Plaintiff's recommendations for improving the work product of the office. The female Caucasian who was given Plaintiff's position was less qualified for the Position than Plaintiff was.

15. Defendant, Mr. Fanning, promoted the female Caucasian employee to Mr. William's position after he reassigned Mr. Williams, an Afro American, to

another position. He then provided the newly hired female Caucasian with six (6) staff members to assist her in performing the job Plaintiff was being required to do by Defendant, Mr. Fanning.

16. In the years 2006 to 2007, 12 employees filed EEOC complaints against Defendant, Mr. Fanning.

## COUNT ONE
## EMPLOYMENT DISCRIMINATION

17. Plaintiff, Taprina Jackson, incorporates herein and makes a part hereof Paragraphs 1-16 supra.

18. Title V11 of the Civil Rights Act forbids employment discrimination, U.S.C. Title 42-2000e-16.

19. Title 42-2000e-16(a) prohibits employment discrimination based upon race, color, religion, sex, or national origin.

20. Defendants have intentionally discriminated against Plaintiff, Taprina Jackson, in the work place as set forth, supra, based upon her race, Afro American and her sex, female.

21. As a direct and proximate result of the discriminatory practices directed against Plaintiff she has sustained loss of pay increases, loss of a position she was well qualified to perform and performed within the job requirements obtaining a job performance level of 81 prior to the machinations directed at her by the Defendant, Mr. Fanning. Plaintiff has been subjected to mental and emotional distress, anxiety, humiliation as a result of the hostile work environment created by the actions and failure to act of Defendants.

WHEREFORE, Plaintiff demands Judgment in her favor, back pay for those monies lost due to the poor job performance rating of 61, restitution for benefits lost, seeks to restrain and enjoin the Department from engaging in the aforesaid discriminatory conduct, seeks to have her performance rating score raised to 80 for FY 06, promotion to ZA-4 level, and compensatory damages in the sum of $300,000.00.

PLAINTIFF DEMANDS TRIAL BY JURY

                                                Respectfully submitted,

                                                Joan A. Harvill D.C. Bar # 309112
                                                Attorney for Plaintiff
                                                1629 K. Street N.W.
                                                Suite 300
                                                Washington, D.C. 20006
                                                Tele: (202) 466-6346
                                                Fax:  (202) 331-3759
                                                E-mail: Abogadaxyz@aol.com